UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
SOURCEONE HEALTHCARE                                         :
TECHNOLOGIES, INC.,                                          :
                                                             :  **OPINION AND ORDER**
                                        Plaintiff,           :
                                                             :  08 cv 2568 (BMC)
                -against-                                    :
                                                             :
BENSONHURST IMAGING ASSOCIATES                               :
MANAGEMENT LLC, etc., et ano.,                               :
                                                             :
                                        Defendants.          :
                                                             :
------------------------------------------------------------ X

**COGAN, District Judge.**

Plaintiff, a Florida corporation with its principal place of business in Ohio, has sought to invoke this Court's diversity jurisdiction by alleging that defendants, a limited liability company and a limited partnership, were each "organized and existing under the laws of the State of New York," with their "principal place[s] of business" in New York. The Court *sua sponte* issued an Order to Show Cause as to why the action should not be dismissed for lack of subject matter jurisdiction, pointing out that limited liability companies and limited partnerships are citizens of each state in which their members or partners are citizens, and that their states of organization or principal places of business are irrelevant to the determination of their citizenship. See Carden v. Arkoma Assoc., 494 U.S. 185, 195-96 (1990); Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48, 51-52 (2d Cir. 2000).

Plaintiff took two actions in response. First, it filed an amended complaint as of right, changing the allegation of defendants' citizenship to say, "upon information and belief," that "each" member or partner of the defendants, as the case may be, "is a citizen of the state of New

York." Second, it submitted an affidavit, acknowledging the inadequacy of the original complaint, and stating that it "requires limited discovery on the jurisdictional issues presented." Plaintiff asks for leave of court to serve "a request for production of documents and interrogatories concerning the identity and citizenship of each of the general and limited partners" of the defendant limited partnership and the members of the defendant limited liability company, together with an Order shortening the period of response to 14 days. Alternatively, plaintiff asks the Court to order defendants to provide this information within 14 days of service. Plaintiff asserts that "limited discovery will permit [plaintiff], and the Court, to determine if subject matter jurisdiction properly lies in the case … ."

The request for discovery is denied. The purpose of discovery is to obtain information on disputed issues, and there is no disputed issue at this stage, especially since defendants have apparently not been served. This situation came about because the Court was faced with a facially defective pleading, and had an obligation to *sua sponte* raise the apparent lack of subject matter jurisdiction. See United Food & Commercial Workers Union, Local 919 v. Centermark Properties Meriden Square, 30 F.3d 298, 301 (2d Cir. 1994). The defect has been cured by the amended complaint. If defendants appear and admit the jurisdictional allegations in the amended complaint as to their citizenship, the issue will have been finally determined. If they produce evidence that they have a Florida or Ohio partner or member and seek dismissal for lack of subject matter jurisdiction, then the action will be dismissed, unless there is something about that evidence which suggests a need for discovery.

This is not to say that the issue is now resolved. In its affidavit, plaintiff effectively admits that it has no idea as to the identity of all the members and partners of the defendants, let alone their citizenship. It has apparently based its allegation that each member or partner is a

New York citizen solely on the fact that defendants conduct business in New York. However, under Fed.R.Civ.P. 11, the signature of plaintiff's counsel on the amended complaint constitutes a certification that "the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

It is not at all clear that a plaintiff can allege, consistent with Rule 11, that any limited partnership or limited liability company that operates in New York has only New York members or partners, where there are no facts to back that up. Making the allegation "upon information and belief" does not dilute the Rule 11 obligation in any way. See Multi-M Intern., Inc. v. Paige Medical Supply Co., Inc., 142 F.R.D. 150 (N.D.Ill.1992). Under Rule 11, a party cannot allege facts to make out the substance of a claim when it has an insufficient basis to make those allegations in the hope that discovery may fortuitously give it a good faith basis, unless it has reason to believe that will in fact occur. See In re Kunstler, 914 F.2d 505 (4th Cir. 1990) (affirming sanctions where plaintiffs "appear to have relied entirely upon discovery in the hope of finding some factual support for many of their claims."); Robert G. (Anonymous) v. Newburgh City School Dist., 89 Civ. 2978, 1989 WL 97907 (S.D.N.Y. Aug. 16, 1989) ("The liberal pleading requirements do not countenance the bringing of a conclusory complaint in the hope of using the discovery process to uncover facts that support the complaint's speculation."). The requirement of a good faith basis is no less applicable to jurisdictional facts than any other facts. Indeed, because jurisdiction is the building block upon which the entire case must rest, it is particularly important that plaintiffs have a sound factual basis for invoking it.

Plaintiff goes so far as to argue that defendants have committed some deceptive act by choosing not to use the corporate form, thus preventing plaintiff from learning their citizenship. It argues that

> it would be inappropriate to permit defendants to avoid the jurisdiction of this Court through use of the limited liability partnership and limited liability company legal form. That these legal forms permit the true owners of the entity to evade public disclosure should not enable them to avoid federal court subject matter jurisdiction in all cases. Limited discovery will permit [plaintiff], and the Court, to determine if subject matter jurisdiction properly lies in the case, without undue burden to defendants.

Plaintiff has it precisely backwards. This is not a case where defendants are alleged to have dissolved corporations and reconstituted themselves as a limited partnership and limited liability company for the purpose of avoiding federal jurisdiction. Defendants have a right to choose a recognized form of business entity most advantageous to their businesses. They do not have to share plaintiff's litigation-centric view of how they should do business.

There is no "evasion" of public disclosure of ownership any more than in the case of a corporation, for a corporation is not required, except in limited circumstances, to disclose its owners. What plaintiff is really complaining about is that corporations, especially publicly held corporations, generally have to disclose enough facts so that an adverse party can draw conclusions about their citizenship (based on state of incorporation and principal place of business, not the "true owners") for purposes of 28 U.S.C. §1332. However, the fact that Congress has not chosen to treat other business entities the same way as corporations does not give plaintiff the right to sue first, and find out if there was a jurisdictional basis for the suit later.

Plaintiff has no vested right to diversity jurisdiction. It is a limited grant, narrowly construed, available only to those who have sufficient facts to meet the confines of the power conferred by the Constitution and defined by Congress. See Paper Corp. of U.S. v. D.

Benedetto, Inc., 91 Civ. 8376, 1993 WL 378341 (S.D.N.Y. Sept. 20, 1993). Acceptance of plaintiff's theory would allow any limited partnership to be sued in any federal court on diversity grounds, subject to discovery confirming the presence or absence of diversity. Plaintiff's lack of knowledge does not excuse its obligations under Rule 11; if anything, the admission of a lack of knowledge exacerbates any potential violation.

The Court therefore denies plaintiff's request for discovery.

**SO ORDERED.**

  Signed electronically/Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
 July 2, 2008